FILED

SEP 15 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOHN M. JENNERS, | * | CIV 05-1036 |
| | * | CR 03-10032-01 |
| Petitioner, | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty in CR03-10032 to conspiracy to commit bank fraud and possession of counterfeiting images. He was sentenced on October 12, 2004, to concurrent custodial sentences of 60 months and 108 months followed by three years supervised release. He was order to pay $3,715.91 restitution. Petitioner did not appeal to the United States Court of Appeals for the Eighth Circuit from his conviction and sentence.

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The basis of the motion is ineffective assistance of counsel in failing to file a notice of appeal   Petitioner also filed an application to proceed without the pre-payment of fees. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003).   Petitioner does not address the appeal waiver contained

in his plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Petitioner does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Specifically excluded from the waiver of appeal rights was the right to appeal an upward departure from the guidelines range established in accordance with the Sentencing Reform Act. Based upon the United States Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), I did not apply the Federal Sentencing Guidelines as mandatory so no upward departure was imposed. I did give the Guidelines due consideration but did not find that they were binding.

The presentence investigation report suggested that the defendant's criminal history category was V and his total offense level, calculated as it would have been before Blakely, was 20, resulting in a Guidelines range of 63-78 months. I sustained all the defendant's objections based upon Blakely, resulting in a total offense level of 11 and a Guidelines range of 24-30 months. Defendant was sentenced to a total sentence of 168 months based upon his extensive criminal history and the likelihood that he would commit further crimes, the fact that his offenses involved 55 victims, the previous leniency he had received, his culpability compared with his co-defendant, and his poor history of being on supervision. I indicated that, if the Guidelines were mandatory, an upward departure to criminal history category VI and down the grid in offense levels would have been imposed.

The United States Court of Appeals for the Eighth Circuit recently held, on direct appeal, that a sentence imposed after Blakely but before United States v. Booker, 125 S.Ct. 738 (2005), must be remanded for a determination of the Guideline range in order to determine whether an upward departure was in fact imposed and, therefore, whether an appeal would violate the appeal waiver clause. United States v. Siems, 2005 WL 1793455 (8th Cir. 2005). Petitioner was sentenced after Blakely but before Booker. This is, however, not a direct appeal. The only issue

before me is whether counsel was ineffective in failing to file a direct appeal. It would be up to the Eighth Circuit to determine whether the record is sufficient to show whether an upward departure was in fact imposed.

Generally, I review ineffective assistance of counsel claims to determine whether petitioner can show both deficient performance by counsel and prejudice to the petitioner caused by that performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, the United States Court of Appeals for the Eighth Circuit has instructed that

> an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *See Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir.1992). The appropriate remedy is to remand for re-sentencing, thus affording the petitioner an opportunity to take a timely direct appeal. *See id.* at 1357; *Estes v. United States*, 883 F.2d 645, 649 (8th Cir.1989).

Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000). It is necessary at the outset to make a determination whether counsel failed to file a notice of appeal after being requested to do so.

Based upon the foregoing,

IT IS ORDERED:

(1) Defendant's application to proceed without the prepayment of fee, Doc.2, is granted.

(2) Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before October 13, 2005.

Dated this 15th day of September, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY Barbara Woephe
DEPUTY
(SEAL)

3