UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

*******************************************************************

|  |  |
|---|---|
| JOHN M. JENNERS, | CIV 05-1036 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

*******************************************************************

After the referral to the United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate issued a report and recommendation (Doc. 9) to the effect that the motion to vacate, set aside or correct sentence by a person in federal custody should be granted and that the defendant be sentenced anew. The government filed its objections (Doc. 11) claiming that the petitioner failed to meet his burden of proof to show that petitioner asked his attorney to file the appeal, claiming also that even if such burden was met, the petitioner has failed to show any prejudice. The magistrate found that the burden of proof was met. It is perhaps accurate that the government's second contention was not addressed in the report and recommendation. It is also true that an appeal waiver is strictly enforced in the Eighth Circuit. It is also true that I cautioned the petitioner at his change of plea hearing very carefully and in great detail about how important his waiver of appeal rights was to him. I would also have advised him that his only protection was the statutory maximum as to each count and that I was treating the Sentencing Guidelines as advisory only.

Petitioner filed his response (Doc. 13) to the government's objections, again requesting that the court provide a copy of the transcript of the plea hearing and the sentence hearing. There are no transcripts as far as I know. If they are available, petitioner can review them in due course.

The prudent course is to adopt the report and recommendations and overrule the objections of the government. Many appeals are filed that are frivolous. The attorney in that type of case

files the requested notice of appeal and then an <u>Anders</u> (<u>Anders v. California</u>, 386 U.S. 738 (1967)) brief. An appeal could address the question of whether the sentences imposed were reasonable under the <u>Booker</u> standard. Counsel for petitioner should have filed an appeal as requested or instructed. Failure to do so was ineffective assistance of counsel. This is despite the fact that I clearly advised petitioner at his sentence hearing that he had the right to ask the district clerk to prepare and file the notice of appeal; petitioner obviously failed to do so.

Petitioner also filed a motion to stay proceedings (Doc. 14) and his objections (Doc. 12) to the report and recommendation. The request to proceed on re-sentencing under <u>Booker</u> will be granted. This court correctly foresaw <u>Booker</u>. Every sentence hearing I conducted after <u>Blakely</u> applied the Sentencing Guidelines as advisory only. Following the <u>Blakely</u> decision, I sentenced 37 defendants prior to the sentencing in this case. In each hearing, the Guidelines were treated as advisory only. After <u>Blakely</u>, there was no such thing as an upward or downward departure in either the Northern Division or the Central Division of the District of South Dakota and I ruled consistently in each such case. In all such cases, I considered fully the dictates of 18 U.S.C. § 3553. I will do so again at the re-sentencing hearing. Counsel will be appointed by the magistrate.

I do not intend to order a mental examination or a report from a mental health professional. If defendant wishes to present the study made by the Bureau of Prisons, he is free to do so. He is also free to present any mitigating factors claimed by him to be relevant. A sentence hearing will be conducted in due time once the defendant is returned to the District. I do not intend to order a new presentence report. The report was adequate, even after <u>Blakely</u> and <u>Booker</u>.

Now, therefore,

IT IS ORDERED, as follows:

1) The petition or motion for relief under 28 U.S.C. § 2255 is granted.

2) The report and recommendation (Doc. 9) is adopted.

3) The objections (Doc. 11) of the government are overruled.

4) The motion to stay proceedings (Doc. 14) is denied.

5) The petitioner's objection (Doc. 12) to the report and recommendation is denied except as otherwise addressed above.

6) The United States Marshals Service is directed to obtain the defendant from the Bureau of Prisons and return him to the District of South Dakota so that the court can conduct a sentence hearing.

7) Upon request or demand of the Marshals Service, the Bureau of Prisons is ordered to forthwith release the prisoner to the United States Marshals Service for transport to South Dakota.

Dated this 21st day of December, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY
(SEAL)